IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHEN MANUFACTURING COMPANY, INCORPORATED | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| FAMILY DOLLAR STORES, INC., | : | |
| and | : | |
| BETTER HOME PLASTICS CORP. | : | NO. 06-0190 |

**MEMORANDUM AND ORDER**

DITTER, S.J.                                                                                              October 31, 2006

DISCUSSION

Before me is defendant Better Home's motion for trial by jury pursuant to Federal Rule of Civil Procedure 39(b). For the reasons that follow, I will DENY the motion.

Parties may demand a jury trial by right "not later than 10 days after the service of the last pleading." Fed. R. Civ. P. 38(a). The failure to serve a demand "constitutes a waiver by the party of trial by jury." Fed. R. Civ. P. 38(d). Better Home did not demand a jury trial in its answer and did not do so within the required ten days after but instead waited six months to file a motion for trial by jury. Therefore, this motion must be considered under Federal Rule of Civil Procedure 39(b), which grants the court discretion to order a jury trial where the demand was not timely.

In deciding this motion for a jury trial I must consider five factors:

> 1) whether the issues are suitable for a jury; 2) whether granting the motion would disrupt the schedule of the Court or the adverse party; 3) whether any prejudice would result to the adverse party; 4) how long the party delayed in bringing the motion; and 5) the reasons for the failure to file a timely demand.

*SEC v. Infinity Group Co.*, 212 F.3d 180, 196 (3d Cir. 2000) (quoting *Fort Washington Res., Inc.*

*v. Tannen*, 852 F. Supp. 341, 342 (E.D. Pa. 1994)).

<u>1) Suitability for jury trial</u>

Shen contends that the case is unsuitable for a jury trial due to complex issues of apportionment and offsetting costs.  In a copyright infringement action, "actual damages are an issue of fact that must be decided by a jury." *Perry v. Sonic Graphic Sys.*, 94 F. Supp. 2d 616, 623 (E.D. Pa. 2000). *See also Walker v. Forbes, Inc.*, 28 F.3d 409, 416 (noting "rich and detailed" instructions to the jury on apportionment of profit attributable to an infringement). Further, although the plaintiff seeks remedies in equity, "when legal and equitable claims are joined in the same action, the right to a jury trial on the legal claim, including all issues common to both claims, remains intact." *Lytle v. Household Mfg., Inc.*, 494 U.S. 545, 550 (1990) (internal quotations omitted).  Thus, the facts of this case relating to damages are actually well-suited for a jury trial and this factor weighs in favor of Better Home.

<u>2) Disruption to Schedule</u>

Trial is scheduled to commence on November 29, 2006.  The trial date was set at our September 6, 2006 conference and memorialized in my Order of September 7, 2006.  Because discovery is still ongoing and the trial date was only recently set, I do not believe that Shen's schedule will be disrupted, or that the trial will need to be postponed.  However, when the trial date was set, all counsel discussed the case as a non-jury trial, and the agreed upon scheduling order includes submission dates for findings of fact and conclusions of law.  This schedule clearly contemplated the fact that a non-jury trial requires less pre-trial preparations for the court and counsel because there is no need to become involved with voir-dire questions and proposed jury instructions.  *See e.g. FSA Group Inc. v. Amerada Hess Corp.*, 2006 U.S. Dist. LEXIS

23376, at *15 (E.D. Pa. Apr. 26. 2006).  The presentation of evidence is also often simplified when it is prepared for a judge rather than a jury. The second factor therefore weighs against Better Home.

### 3) Prejudice to Shen

Shen claims that it would be prejudiced by changing to a jury trial because "it might have considered some additional discovery or additional or alternate strategies." (Plf.'s Resp. at 5). While it may be true that counsel's trial tactics would have been different, I find no merit to the argument for prejudice.  Moreover, discovery is ongoing and there remains sufficient time to modify trial strategy.  This factor weighs in favor of Better Home.

### 4) Length of Delay

This litigation began on January, 13, 2006, when Shen filed its complaint with no demand for a jury trial.  Raymond Churchill, Jr., counsel for Better Home who filed the pending motion, entered his appearance on February 22, 2006.  After twice extending the filing date, Better Home answered the complaint, signed by Churchill, on March 13, 2006, and did not request a jury trial at that time or within ten days of its answer.  All parties were sent notice of the April 3, 2006 Pre-Trial Conference and were asked to submit a discovery plan pursuant to Fed. R. Civ. P. 26 (f) at least three days prior to the conference.  Both Shen and Family Dollar complied and submitted the form on March 31, 2006, and each clearly marked an "X" next to the line stating "Non-Jury Trial."  Better Home did not submit a report.  However, Frank Bonnini, Jr., counsel for Shen, submitted a letter to the court on March 31, 2006, with an enclosed proposed discovery plan. The letter indicated that the plan was "executed by counsel for each party, except Defendant Family Dollar Stores, Inc. who is in agreement with the proposal" and it was copied to counsel

3

for both Better Home and Family Dollar. The plan does not specifically indicate the case as a non-jury trial, but was submitted on the same day as the discovery plans of Shen and Family Dollar which do clearly indicate the case as non-jury. The plan provides an estimated length of trial for both Shen and Better Home, with the latter indicating three days. Certainly, in order to estimate the length of the trial, counsel must have had in mind the type of trial, and with Shen and Family Dollar's Scheduling Information Sheet at hand, it was clear the case was a bench trial.

Counsel met with me on April 3, 2006, where we discussed the scheduling order, and we met again on May 5, 2006, May 15, 2006, and on September 6, 2006. Neither Better Home nor Family Dollar requested a jury trial at any of these meetings. As noted above, all counsel specifically acknowledged that this was a bench trial at our September 6, 2006 meeting and set a scheduling order accordingly. Counsel for Better Home did not object at that time to proceeding with a bench trial. Instead, Better Home did not request a jury trial until September 22, 2006, over two weeks after the scheduling order was issued and the trial date was set.

Over six months have passed between the filing of the last pleading and the demand for a jury trial, and I have met with and spoken to counsel on numerous occasions throughout. Better Home's delay is therefore inexcusable and this factor weighs heavily against it.

<u>5) Reason for failure to timely demand</u>

Better Home filed its motion for a jury stating that "[w]ith plaintiff asserting new and substantially different designs, the facts and issues of the case have been significantly altered." (Def. Better Home's Mot. for Jury Trial at 1). Better Home's reply does not offer any other reason for the untimely demand, but instead argues, without authority, that the most important

factor is prejudice to the opposing party and that Shen will not be prejudiced here. Family Dollar filed a response joining Better Home's motion for a jury trial, noting only that if Shen wishes to seek damages for any additional designs in this case, it must amend its complaint which would afford the defendants the ability to demand a jury trial by right under Rule 38(a).

While I doubt the "significance" of the difference between a suit for two infringing dish towel designs versus six infringing designs given the facts in this case, it is true that should the plaintiff amend its complaint, the defendants will have the right to demand a jury trial. However, although Shen has requested discovery concerning designs not in the complaint and has contended that additional designs infringe, Shen clearly states that it "is only proceeding to trial in this action with infringement of the two designs set forth in the original Complaint and will consider filing a separate suit for the other infringing designs." (Pl.'s Resp. at 2). Better Home therefore lacks any reason for the untimely delay.

Counsel for Better Home states that he "moved for a jury trial *only two weeks* after learning of the intended bench trial from this Court at the September 6, 2006 scheduling and status conference." (Def. Better Home's Reply at 7) (emphasis in original).[1] Counsel has defeated his own motion with this statement of new-found knowledge which aptly demonstrates that counsel's failure to demand a jury in a timely way was really due to his own inadvertence or oversight. "Mere inadvertence, oversight, or lack of diligence by counsel does not justify granting a party's untimely demand for a jury trial." *Richardson v. Advanced Pulver Sys., Inc.*, 2002 U.S. Dist. LEXIS 12145, at *6 (E.D. Pa. Mar. 12, 2002). *See also, Infinity Group*, 212 F.3d

---

[1] Although Better Home chooses to emphasize the mere "*two week*" delay, it actually waited 16 days after our meeting to file this motion.

at195 (noting that courts in the Third Circuit generally deny relief where the only basis is inadvertence of counsel but stating "this is not a mechanical rule"); *Lee v. Boyle-Midway Household Prods. Inc.*, 785 F. Supp. 533, 535 (W.D. Pa. 1992) (discussing a number of district court opinions in the Third Circuit denying a jury trial for inadvertence).

Granting an untimely motion for a jury trial to correct inadvertence would thwart the Federal Rules by defeating the purpose of Rule 38. *See e.g. Lee*, 785 F. Supp. at 535-36 ([R]elief from a waiver of the right to proceed before a jury would encourage chicanery while failing to encourage and reinforce familiarity with the Federal Rules of Civil Procedure."); *Bank Bldg. & Equip. Corp. of America v. Mack Local 677*, 87 F.R.D. 553, 555 (E.D. Pa. 1980) ("To sanction defendant's omission would invite disregard of procedural requirements in all of the Rules, cause delay in disposition of disputes by creating confusion on trial dockets and prejudice the opposing party by injecting an unnecessary element of uncertainty into trial strategy and preparation.").

To ensure the parties that the scale of justice is balanced, I note that while thwarting the rules is a concern, so too is being a stickler as "technical insistence upon imposing a penalty for default by denying a jury trial is not in the spirit of the rules." *Supplies Inc. v. Aetna Casualty & Surety Co.*, 18 F.R.D. 226, 228 (W.D. Pa. 1955). Here, however, over six months have passed from the last pleading, and the trial date is less than two months from the last response filed on this motion.

## CONCLUSION

The initial proffered reason for demanding a jury trial, the addition of new claims which in defendant's view "significantly alters" the claim, is irrelevant because Shen has not in fact added any new designs and has stated its intention to seek damages in this case on only the two

infringing designs described in its complaint. For counsel to have first learned of the intended bench trial at our September 6, 2006 meeting, he must have ignored the complaint, his own answer, the scheduling reports filed by Shen and Family Dollar, his own obligation to submit a scheduling report, his own estimate of the length of trial submitted on the same day as the scheduling orders clearly indicating a non-jury trial, and the docket which clearly states: "Jury Demand: None."[2] Having considered the five factors set forth in *Infinity Group* and for the above reasons, Better Home's motion for trial by jury is DENIED.

---

[2] While I am well aware that an incorrect notation on the docket cannot serve to provide notice of a jury trial because the docket is "merely an administrative instrument utilized by the court to assist it in the management of its cases" (*Vulcan Print Media, Inc. v. Las Vegas Sports News, L.L.C.*, 2001 U.S. Dist. LEXIS 24206, at **5-6 (E.D. Pa. Nov. 20, 2001), the correct notation of "Jury Demand: None" is yet another factor indicating that inadvertence of counsel explains the reason for delay.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHEN MANUFACTURING COMPANY, INCORPORATED | : : | CIVIL ACTION |
| v. | : : | |
| FAMILY DOLLAR STORES, INC., and BETTER HOME PLASTICS CORP. | : : : | NO. 06-0190 |

ORDER

AND NOW this 31st day of October, 2006, upon consideration of Better Home's motion for a trial by jury (Dkt. # 21), the responses of Family Dollar (Dkt. #25) and Shen (Dkt. #26), and Better Home's reply (Dkt. #28), and for the reasons set forth in the accompanying Memorandum, it is hereby ORDERED that the motion is DENIED and the case shall proceed in accordance with the schedule set forth in the Court's September 7, 2006 Order (Dkt. # 20).

BY THE COURT:


/s/ J. William Ditter, Jr.
J. WILLIAM DITTER, JR., S.J.